UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

======================================
ELIAS WIESENFELD individually and
on behalf of all others similarly situated


                    Plaintiff,


   -against-


RETRIEVAL-MASTERS CREDITORS BUREAU INC.
D/B/A AMERICAN MEDICAL COLLECTION AGENCY


                    Defendant.

======================================

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Elias Wiesenfeld files this Complaint seeking redress for the illegal practices of Retrieval-Masters Creditors Bureau Inc. d/b/a American Medical Collection Agency, in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, et seq. ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Elmsford, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Elias Wiesenfeld*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about July 3, 2015, Retrieval-Masters Creditors Bureau Inc. d/b/a American Medical Collection Agency sent a collection letter to the Plaintiff Elias Wiesenfeld. (see attached exhibit)

11. The said letter was an effort to collect on a consumer debt.

12. Said letter stated in relevant part:

"We have been authorized to contact you regarding your past due account with our client **CBL Path**, for laboratory tests ordered by your physician.  These charges were not included in any bills you received from your doctor or hospital, but were billed directly by our client.

If a claim has already been filed with your insurance company, it may have been denied or only partially paid. As a result, our client claims that you owe the remaining balance. Your payment in full in the amount of **$138.54** is appreciated."

13. Defendant violated 15 U.S.C. § 1692e(10) by misrepresenting that Plaintiff's insurance company was unwilling to assist Plaintiff in connection with his medical bill.

14. Defendant's language misleads the debtor into believing that he cannot resolve this debt with his insurance company.

15. Even if this statement is true, the letter deceptively conveys to the consumer that because the Defendant had been "authorized" by the creditor to contact him, that this debt is absolute and that "our client claims that you owe the remaining balance," misleading the consumer to believe that there would be no point in contacting either the medical provider, or the debtor's insurance provider(s), when in fact a myriad of possibilities exist in which such medical debts are in error. By way of a few limited examples: a) The debtor's insurance company may have made an error in processing; b) The medical provider may have made in error in overcharging; c) Payment may have been misapplied by either the insurance company or medical provider; and d) The debtor may have secondary insurance that would cover this charge.  The different possibilities of resolving this debt go on and on.

16. Every year, the New York State Department of Health provides nearly a billion dollars of Bad Debt and Charity Care funds to state hospitals for underinsured Patients and underinsured Patients can have access to these State Charity Funds to

pay the remaining debts to the hospital or their medical service providers.

17. Defendant's deceptive language discourages the debtor from trying to directly contact his medical service provider.

18. Defendant's deceptive language discourages the debtor from trying to work this debt out, or obtain options directly from his medical service provider.

19. The unsophisticated debtor, when reading the above mentioned language, would be deceptively dissuaded from contacting his or her insurance company directly.

20. Section 1692e(10) of the FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

21. Defendant deceptively and misleadingly represented that it possessed and reviewed information regarding insurance matters related to the debt, and the letter implied that Defendant had personal knowledge that Plaintiff's insurance company would not pay the remaining balance; even a literally true statement may convey a misleading impression in violation of section 1692e(10). It is well settled that that the failure to disclose information is deceptive, if necessary qualifications are not made, material information is omitted, or the disclosures made are too inconspicuous.

22. In an effort to coerce the Plaintiff into making a payment, Defendant deceptively and misleadingly represented that the Plaintiff's insurance company refused to pay the debt that it sought to collect.

23. Defendant's statement is always used and is a standardized form letter.

24. This language is inherently misleading and deceptive, because it was

made without any individual or actual knowledge of whether it was true or false.

25. Defendant uses this language for all its medical debts, regardless of which medical provider provided the service.

26. Defendant had no specific information or knowledge as to whether the Plaintiff, or any other debtors' insurance was or was not processed.

27. Defendant had no specific information or knowledge as to whether the Plaintiff or any other debtors' balances remaining is the obligation of the debtor.

*28.* If a debt collector makes an assertion of fact to a debtor, the ordinary implication is that the debt collector has some factual basis with which to make that statement. If the debt collector in fact has no actual knowledge on which to base the assertion at the time it is made, then the statement is inherently false and deceptive.

29. On information and belief, at no time prior to the Defendant's sending out of the said letter, did it review any specific individual information upon which it could have based this statement, that Plaintiff's insurance had been processed and that the balance remaining was the Plaintiff's obligation.

30. On information and belief, at no time prior to the Defendant's sending out of the said letter, was it in possession of any specific individual information upon which it could have based this statement, that Plaintiff's insurance had been processed and that the balance remaining was the Plaintiff's obligation.

31. Making such a statement is an inherently deceptive method used to collect a debt because the unsophisticated consumer would be led to believe that the debt collector was basing its statement on facts and personal knowledge. Despite Defendant's careless lack of knowledge, it made this statement with reckless disregard

for its truth, with the sole objective of coaxing Plaintiff into paying the obligation allegedly due.

32. This inherently deceptive and misleading statement used in connection with the collection of a debt violates 15 U.S.C. § 1692e.

33. Defendant violated the FDCPA at Section 1692e(10) by misrepresenting to Plaintiff that his insurance company was unwilling to assist him in connection with his medical bills – thus, he must pay to the Defendant the amount requested.

34. Defendant represented that Plaintiff's insurance company had already processed his claim and that they would not cover the alleged debt, when Defendant had no factual basis with which to make such representation.

35. Defendant is liable for its misrepresentations even if the-unsubstantiated statements subsequently turns out to be true, since a debt collector cannot justify any groundless statements made in an attempt to coerce payment from a consumer, so long as that debt collector is lucky enough to learn later that the statements made absent foundation were not literally false.

36. Defendant represented that it possessed information regarding insurance matters related to the subject debt, and that it had personal knowledge that Plaintiff's insurance company would not pay the debt. Defendant had neither. Rather than field any questions to someone with actual knowledge or alleviate any potential confusion about the underlying charges and the insurance company's refusal to pay them, Defendant simply invented a standard reason to eliminate any dispute or conversation and disguised it as personal knowledge: "Any insurance provided by you, at the time of service, has been processed and the balance remaining is considered the obligation of

the responsible party."

37. Debt collectors who convey literal truths, partial truths, or ambiguous statements to consumers are still in violation of the FDCPA if they are misleading. Under § 1692e, a debt collector's statement must not only be true, it must also avoid ambiguity and unnecessary bullying or intimidation.

38. Defendant's statement was made with no actual insurance information on hand to support that statement.

*39.* More importantly, Defendant general statement to the Plaintiff (and all other debtors who have medical debts) demonstrates exactly the type of manipulation that the Second Circuit sought to prohibit when it adopted the least sophisticated consumer standard. Viewing the statement in question, one can only conclude that Defendant uses this standard language implying personal knowledge that the insurance company had processed the claim and would not cover the debtor's bills in order to coax all its debtors into making a payment. Rather than field any questions to someone with actual knowledge or alleviate any confusion about the underlying charges and the insurance company's refusal to pay them, Defendant simply invented a standard reason to eliminate any dispute or conversation and disguised it as personal knowledge.

40. Defendant's statement would be deceptive to almost any consumer and it would certainly mislead the most ignorant, unthinking, and credulous portion of the population described by the Second Circuit in *Clomon v. Jackson, 988 F. 2d 1314 - Court of Appeals, 2nd Circuit 1993.*

41. Defendant's actions constitute conduct highly offensive to a reasonable

person, and as a result of Defendant's behavior, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings and emotional distress.

42. Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### *Class Allegations*

43. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

44. The identities of all class members are readily ascertainable from the records of Retrieval-Masters Creditors Bureau Inc. d/b/a American Medical Collection Agency and those business and governmental entities on whose behalf it attempts to collect debts.

45. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Retrieval-Masters Creditors Bureau Inc. d/b/a American Medical Collection Agency, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

46. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

47. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

48. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

49. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

50.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

51.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual

member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

52. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

53. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

## FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. This cause of action is brought on behalf of Plaintiff and the members of a class.

56. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e and 1692e(10).

### *Violations of the Fair Debt Collection Practices Act*

57. The Defendant's actions as set forth above in the within complaint violates the FDCPA.

58. Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

59. As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

c) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities, including without limitation:

   Directing Defendant to cease engaging in debt collection practices that violate the FDCPA; and

   Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
   May 24, 2016

        /s/ David Palace_____
        **Law Offices of David Palace** (DP 3855)
        383 Kingston Ave. #113
        Brooklyn, New York 11213
        Telephone: 347-651-1077
        Facsimile: 347-464-0012

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

        /s/ David Palace_____
        David Palace esq. (DP 3855)

-13-

**AMERICAN MEDICAL COLLECTION AGENCY**
4 Westchester Plaza, Building 4
Elmsford, NY 10523





001186
0101

ELIAS WIESENFELD
197 WILLIAMSBURG ST W
BROOKLYN, NY 11211-1856

Pin Number: Redacted 521
(914) 505-6689
You may contact Joseph Howard at the phone number above. If Mr. Howard is unavailable, another representative will answer your call to assist you between the hours of 8:30AM - 8PM Mon. - Fri.

July 03, 2015

Dear Elias Wiesenfeld:

We have been authorized to contact you regarding your past due account with our client **CBL Path**, for laboratory tests ordered by your physician. These charges were not included in any bills you received from your doctor or hospital, but were billed directly by our client.

If a claim has already been filed with your insurance company, it may have been denied or only partially paid. As a result, our client claims that you owe the remaining balance. Your payment in full in the amount of **$138.54** is appreciated. Please send your check or money order to us in the enclosed envelope made payable to American Medical Collection Agency.

See the reverse side of this letter for important information about your rights. If you do not respond, you will be subject to additional collection efforts, which may include the reporting of your unpaid account to one or more national credit bureaus.

---

Redacted  Redacted  Redacted  Redacted  Redacted ; 1

SEE REVERSE SIDE FOR IMPORTANT INFORMATION.    Detach and return this portion with payment using enclosed envelope.

653413F (PC2)

**Amount Due:    $138.54**

| You Owe: | **CBL Path** |
|---|---|
| Date of Service: | **January 23, 2015** |
| Account Number: | Redacted 12 |
| Pin Number: | Redacted 521 |
| Name: | Elias Wiesenfeld |
| Street Address: | 197 Williamsburg St W |
| City, State Zip: | Brooklyn, NY 11211 |

To pay online: www.pay.amcaonline.com
☐ VISA   ☐ MASTERCARD
Card #: 
Exp. Date:              Amount
Signature:
Client Code: Redacted    Account: Redacted
AccountPay Number: Redacted 52
01 LCB CBL 364

AMCA
PO BOX 1235
ELMSFORD, NY 10523-0935

Redacted  Redacted  Redacted  Redacted